Good morning. We're now going to hear arguments in Dorfmeister v. Zurich American Insurance Company and Mr. Wilburn. Good morning. Good morning, Your Honors. I don't want to waste too much time. Briefs are filled with all of the arguments, and I think there's a lot of argument that is going to raise some questions. But I'm going to just start off, Your Honor, by stating that there is a dispute between what the appellant believes the Manterola case, how it should be applied to this case, as opposed to how the Merkins case is applied. But the key difference in the decision in Manterola and the Dorfmeister decision that the judge used is that in Manterola, the plaintiff could have litigated both coverage and bad faith together and merely chose not to. The plaintiff, or I'm sorry, the appellant in this case does not have that same option. That is the parallel litigation, which does not ameliorate the decisions. And so, counsel, when you say that the plaintiff in Manterola could have litigated, you mean like in one lawsuit, like it could have consolidated them all in the same lawsuit? Is that what you mean? I know they could have done it in the same forum, but it's not clear to me. Could they have done it in one? They could have made both arguments in one in one lawsuit. Yes, Your Honor. And in fact, if you look at the Manterola decision, it says that ordinarily and in my experience, almost every case where there's a declaratory relief action, that declaratory relief action by the insurance company would warrant if if the facts permitted a counterclaim. And I would go one step further, Your Honor, aside from the statute of limitations argument in Manterola, if there had been no statute of limitations, one might argue that the decision in the DRA would merge all claims. And even if he wanted to file a later bad faith claim, he wouldn't be able to. So the point I guess I'm trying to to posit here is that Manterola's applicability here, I think, is distinguished because it's not required that you have separate coverage and bad faith litigation. But in the ICA, which has exclusive jurisdiction over the decision of liability, you cannot combine both the bad faith claim and the decision of liability. You have to do it in separate forums. So what is the practical result? The practical result in this case or in any case is that because of Merkins adding the element that a bad faith workers compensation case must be the decision of liability must be decided or otherwise there's no right to a bad faith claim. But that's not what Merkins actually says. Merkins appears to acknowledge that the two may be filed at the same time. You may not be able to get to a successful resolution of the bad faith claim, but it says nothing about not being able to file it. So why shouldn't we take Merkins at its word and say, well, if you can file it, the claim must have approved and the clock starts ticking? Well, your honor, I think it does imply, based upon the language, it doesn't expressly use it because the accrual of the action was not at issue. But it's the first case in Arizona ever to say that there was a determination at the ICA is necessary. And because of that, it adds an element that was never expressed before. If it adds an element and under Glaze v. Larson, you're required to look at the elements in order to decide when the accrual should occur. Uh, from from that standpoint, if it is an element, then accrual has to occur after final judgment and a final judgment rule should be applicable. Well, let me let me probe what you just said. What establishes the proposition that accrual doesn't happen until you've got all the pieces you need to prove the claim? Yes, your honor. In Glaze v. Larson, it expressly says that you have to establish accrual based upon an analysis of the elements. The question, therefore, is does Merkins create another element? The appellant posits that yes, it does. Even as Merkins acknowledges the two actions may exist simultaneously. Well, your honor, it would effectively contradict itself if it did that. Your honor, I disagree. The point of parallel litigation is that the it arises from the exclusivity of the ICA and that Arizona still recognize an independent cause of action for common law. But what occurs with regard to accrual is if you accrue it, if you rule that it accrues based upon the denial of the of the ICA benefits, then you create parallel litigation where one form of forum of the litigation controls what happens in the other forum. Not so with a case similar to Mantarola. And so I would posit that the Mantarola case cannot apply in the same manner. Now, in addition to this, doesn't Merkins explicitly contemplate simultaneous proceedings? Yes, your honor. And as I stated, simultaneous proceedings, when one outcome controls the other, that is that the liability in the ICA controls whether or not a bad faith is successful, creates a situation that in effect increases litigation, clogs the courts, creates precautionary litigation. For example, your honors, I have three cases right now, one of which is stayed in the district court in Arizona, one of which will be stayed in state court in Arizona. I also had one stayed because it went up to the Court of Appeals and was even so. So, counsel, I think you answer both my call. They both said, but doesn't it anticipate simultaneous litigation? And as I'm hearing your response, your response is, yeah, that's a that's problematic. And, you know, it creates this, you know, you basically have to bring another lawsuit that you don't know if it's going to go anywhere, depending on what happens in your lawsuit. But doesn't that just kind of, I think that's what they're asking my colleagues. They're saying, yeah, well, the court would have been aware of that. And so why would it have talked about waiting to resolve any dispositive motions or allowing the case to proceed to a jury, et cetera, until, you know, basically staying the case? Why would it have talked about that, given those problems that you're talking about, if your position is correct, that it only accrues after you've got a decision in front of the agency? Well, first of all, the idea of accrual was not an issue in the case. And so I think we know that, counsel, but I think what we're saying is it seems like what the court was assuming was inconsistent with your case. Otherwise, why wouldn't the court have just said, instead of actually anticipating that, you know, what we'll do is you'll essentially stay the other case. Why wouldn't the court have just said, you won't bring the other case until after you've completed the agency proceeding? I think it doesn't say that because, again, accrual wasn't an issue. And this goes back to my original position, your honors, that the case decision in Merkins makes a statement that was never made by a previous court. And that statement is that a litigant in the ICA can file a bad faith case, but that bad faith case cannot be successful unless the ICA merits an award. And then it is allowed to go forth with the bad faith. A moment ago, you were mentioning that you have other cases, some in state court and district court that were stayed. Can you finish the thought? I know you were trying to deliver a point on that. I think the point was that this is just not a good system, but maybe I'm the point. It creates duplicitous and precautionary litigation that I think all of the analogous cases that were cited in my briefs, for example, Amfac v. Miller, the Grismer dissolution case, all of those contemplate that a case can't arise when, and this is also important, an underlying claim has to be decided before the elements of that claim can be met. It's not an unheard of circumstance either. It does arise a lot in the habeas context where somebody will essentially file a placeholder federal habeas petition to meet the statute of limitations and then go and exhaust their remedies in state court and then come back to federal court if they're not successful there. It's not that different than what is happening here. Yes, your honor. I would agree, but I go back to the Merkins case, being the first case that cites specifically and expressly that a bad faith case in the workers' compensation realm cannot be successful until the decision at the ICA establishes an award. But Merkins did not say that the case could not be filed. Indeed, it acknowledged that cases are often filed and they proceed simultaneously and one of them has to wait for the first one to finish. You've attached the word accrual somehow, but Merkins doesn't seem to help you on that. The implication of Merkins is to the contrary. So why is it we should infer from Merkins that it said what it didn't say, that is that that second case should not have been filed because the claim hadn't accrued? Well, with regard to accrual, your honor, Merkins does not say that we still find that the case accrues at the denial stage. But it permitted it to be filed. It recognized its existence. If the case had never accrued, then the claim shouldn't have been filed in the first place and Merkins does not say that. No, but it says that it can be filed if it's later successful. Well, then perhaps your client's claim could be filed here too. Why should we, in effect, rule that it couldn't properly be filed until after the Industrial Commission decided in what was it, May of 2018, the underlying claim? It could have been filed before then. Is there a reason why it was like, what, a year and a half between the Industrial Commission's decision and the actual filing of this lawsuit? The, well, it would be based upon the analysis of the Merkins case allowing for the decision. But is there an affirmative reason that required taking so long? And one of the things that frustrates me here is that there does appear to be some merit in the claim and the statute of limitations defense is heedless of merit. And so I start wondering, well, is there a reason why it couldn't have been filed sooner than it was? Based upon that question, I would say. It was in the client's interest to wait any longer to be able to pursue the bad faith claim. It just wasn't for like a year and a half afterwards and that seems to be the problem. So there may not be a good answer to my question. I just was kind of inquiring, is there something out there that should cause us to find a way to cut some slack? I don't think that issue is before the court. I'll reserve two minutes. Okay, thank you. Ms. Hedberg. Good morning, your honors. Kelly Hedberg on behalf of Zurich American Insurance Company. What Ms. Dorfmeister is asking the Ninth Circuit to do is to abandon Arizona precedent and adopt the final judgment rule for purposes of determining when a first party bad faith claim accrues. I think fundamentally a bad, a claim accrues when one party is able to sue another. So the relevant inquiry here is when was Ms. Dorfmeister able to sue Zurich for her allegations of bad faith? And you look no further than her complaint when she alleges that as soon as May of 2017, Zurich terminated her benefits and scheduled her for an examination. Now, had Zurich resumed benefits after, she still possibly could have allegations for bad faith. So damages, she wasn't able to get treatment timely or went without indemnity benefits, if you will. So it's actually when she suffers some damage. And she's alleged in her complaint, quite specifically, dates on which she had to treat under her private insurance. And when she was required to go back to full duty without work restrictions. And those are all well outside of the statute of limitations. The opposing counsel's point is once we now have an exhaustion requirement in front of the Industrial Commission, what's the point of having to file earlier? We know what the Industrial Commission says, so why wouldn't we just wait? Sure. And I think looking at Dease versus State Farm stands for the proposition that you don't necessarily need to breach and express provision of an insurance contract to have a bad faith claim. So like I said, in the example of the terminating of benefits and setting for an exam, even if they had resumed benefits and there was no dispute to bring before the ICA, there is a potential damage to Ms. Dorfmeister. And so the clock starts ticking upon that denial of benefits. Also, in these contexts where it would be appropriate, let's imagine Ms. Dorfmeister had brought the claim within the statute of limitations period that you argue for. If she had brought that when she did and then she was also pursuing the Industrial Commission, is there anything that could have happened in a district court while the matter was pending before the commission? Sure. And that raises a good point. And that is primarily when you file these breach of contract and bad faith claims in the district court, they are litigated together. The benefit of the ICA proceeding is that the workers comp system is an expedited system. And so it is more than likely, based on my experience, and I can point to some of the illustrations in this case, that the compensability determination will be done and resolved by the ICA well within any potential expiration of the statute of limitations. So there's no threat to these injured workers having to pursue a claim at the ICA for compensability and then asserting their bad faith right. So I understand what you're saying. What about in terms of the proceedings in the district court? While you're saying essentially this plaintiff could have waited for the ICA claim to fully run its course and then still would have been able to bring suit in a timely manner, even under your view with statute of limitations. But what if she had brought it earlier while the ICA claim was still pending? What would have happened in the district court, if anything? Would you have asked for the district court case to be stayed or would there be something that could be done in a district court in the meantime? Different cases, we request different things. But my experience is when we're litigating these together, they just go forward and the district court makes us set a discovery schedule and stick to that discovery schedule. And what Merkins recognizes is only that if there's still an issue that needs to be resolved by the ICA with respect to compensability, then the district court would be unable to resolve summary judgment motions or make definitive decisions on whether or not the denial of benefits was unreasonable. I guess what I hear you saying is that there could be some activity in the district court discovery or motions practice. It's just that the district court couldn't issue an ultimate ruling until the ICA had completed its review. Sure. And that's only if the only alleged bad faith revolves around a denial of benefits that needs to be resolved by the ICA. Because as noted in Dease, you can have bad faith without having coverage under a policy. I'd also like to note that Hayes recognizes concurrent remedies between an administrative branch and the judicial branch. They use the medical and legal professions as an example of those concurrent tracks coexisting successfully. And in fact, I'd also like to draw this court's the question that was raised in Brown versus Superior Court that then the Dease court resolved. And that was this question, which is, should we allow these breach of contract claims and bad faith claims to be pursued simultaneously? And in Dease, the court held that a plaintiff may simultaneously bring an action for both breach of contract and for bad faith and need not prevail on the contract claim in order to prevail on the bad faith. And that herein lies the point, which is if you can pursue the bad faith claim, then the claim has accrued. There was no extra element announced in the Merkins case that created an extra element for a worker's top bad faith case. And I would just say that a close reading of Merkins only suggests that the injured and instead asked a trial court to make that determination. It did not say that that judgment needed to be rendered prior to the bad faith being pursued. And in fact, as you noted, there is the footnote noting that there can be concurrent actions at the same time. Unless there are any other questions, I think we will rest on our briefs. Okay, thank you, counsel. Mr. Wilburn, we'll hear from you in rebuttal. Thank you. With regards to counsel's statement that Dease applies, Dease cannot apply to a worker's compensation bad faith case because the decision in Dease arises from a claim for bad faith without a breach of contract. Contrastingly, in worker's compensation, and I cited this in the briefs in the reply, there cannot be a claim for breach of contract along with a bad faith claim. The other thing that is distinguishing aside from that is that in both Dease and Brown and any other case where there's a breach of contract and bad faith claim, those claims can be filed and maintained simultaneously and quite often are. That cannot happen where there is exclusive jurisdiction with the worker's compensation, the ICA. Counsel, I think this may have been asked earlier, but I'm not sure I heard the answer well. So you had about a year and a half even after the ICA had made its decision that you could have brought it within the statute of limitations as termed by the district judge here. Why didn't you? Why didn't you bring that? Well, I didn't have it, so I can't tell you. But in any event, your honor, I would. Well, I can see my time is almost up. I guess in closing, your honors, certification, if I am asking your honors to do something that you feel is outside the precedent and that precedent is required, I would request that you certify this to the Arizona Supreme Court on the question of whether or not Perkins creates a different cause of a different accrual of action. And I thank you for your time. Thank you, Mr. Wilburn. Thank you, Ms. Hedberg. We appreciate the arguments of both parties. The case is submitted. That concludes our calendar for this morning. We'll stand in recess.
judges: CLIFTON, BRESS, VANDYKE